UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

AL MICHAEL CARTER,

Defendant.
_____/

Case No. 18-cr-20483

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER AND FOR PRETRIAL RELEASE [#72]**

**I. INTRODUCTION**

On October 25, 2018, Defendant Al Michael Carter was charged in an Indictment with Bank Fraud, 18 U.S.C. § 1344, and Aggravated Identity Theft, 18 U.S.C. § 1028A(a)(1). Dkt. No. 26. Following a detention hearing on November 5, 2018, Magistrate Judge David R. Grand ordered the Defendant detained pending trial. Dkt. No. 70. Magistrate Judge Grand found that the Government had proven by clear and convincing evidence that "no condition or combination of conditions of release will reasonably assure the safety of any other person and the community." *Id.* at p. 2 (Pg. ID 167).

Defendant now moves the Court for an Order revoking the detention order and granting Defendant pretrial release pursuant to 18 U.S.C. § 3145(b). Dkt. No. 72. A Hearing on this Motion was held on November 16, 2018. For the reasons stated on the record and set forth below, the Court will DENY Defendant's Motion [#72].

## II. BACKGROUND

On November 5, 2018, Defendant appeared in front of Magistrate Judge Grand for a bond hearing after being indicted on bank fraud and aggravated identity theft charges. Dkt. No. 70. After considering the various Bail Reform Act factors, Magistrate Judge Grand concluded that these factors strongly favored detaining Defendant pending trial. *Id.* at p. 3 (Pg. ID 168). Specifically, Magistrate Grand noted Defendant's lengthy criminal history, including felony convictions and probation violations for Receiving Stolen Property, Carrying a Concealed Weapon, Felony Firearm and Felonious Assault, and License Documents/Plates Forgery. *Id.* Magistrate Judge Grand emphasized that nothing in Defendant's criminal history suggested he would follow bond conditions set by the Court, and further, that his criminal history showed he would be a danger to the community if released on bond. *Id.*

### III. DISCUSSION

18 U.S.C. § 3145(b) permits a district court to review a magistrate judge's order detaining a defendant. 18 U.S.C. § 3145(b). "The default position of law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Hence, for a defendant to be detained, the government must establish (1) "risk of flight by a preponderance of the evidence" or (2) "dangerousness to any other person or the community by clear and convincing evidence." *See United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004).

It follows, pretrial detention shall be ordered only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). In determining whether there are conditions which will reasonably assure the appearance of the defendant and the safety of the community, the district court must make findings based on the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger posed by the person's release. *See* 18 U.S.C. § 3142(g).

As stated on the record, the Court agrees with Defendant that the evidence does not show he poses a flight risk. However, upon review of the above four factors, the Court finds that no conditions of pretrial release imposed on Defendant will reasonably assure the safety of others and the community. Pretrial Services concurs in this assessment.

1. **Nature and Characteristics of the Charged Offense**

Defendant is named in a twenty-one count Superseding Indictment charging six individuals with several crimes, including bank fraud and aggravated identity theft. *See* Dkt. No. 26. While Defendant's charges are not inherently violent, they are serious in nature. As the Government notes, the aggravated identity theft charge carries a two-year mandatory minimum and consecutive sentence. *See* Dkt. No. 77, p. 10 (Pg. ID 203). Further, the fraud alleged in the Indictment spans at least eight months and has resulted in over $200,000 in losses to several victims. *See id.* Considering Defendant's alleged disregard for the property of others and the general evidence of criminal activity, the Court finds that this first factor weighs in favor of detention.

2. **Weight of the Evidence Against Defendant**

The second factor the Court must consider is the weight of the evidence against Defendant. "This factor goes to the weight of the evidence of

dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948.

Here, the weight of the evidence of Defendant's dangerousness is strong. Most troubling, in June 2012, Defendant entered a guilty plea in state court for Felonious Assault and Felony Firearm. *See* Dkt. No. 77, p. 4 (Pg. ID 197). During the commission of those crimes, Defendant fired five gunshots in the direction of an elderly female pedestrian while threatening to kill her. *id.* He was sentenced to one to four years in the Michigan Department of Corrections. *Id.*

After being released on parole for that crime, but while still on parole, Defendant was arrested and charged with the crime of License Documents/Plates Forgery. *Id.* Defendant pled guilty to that crime on January 12, 2016, after it was found that he was using a temporary license plate on one car while that temporary license plate was in fact registered to a different car. *Id.*

Defendant's criminal history prior to these incidents similarly demonstrates an unwillingness to comply with the law and with probation conditions. In November 2009, he was convicted of driving a stolen vehicle that he knew was stolen. *Id.* at p. 2 (Pg. ID 195). There, Defendant fled from officers in the vehicle, caused a head on collision with another vehicle, and then attempted to run away from officers on foot. *Id.* Defendant was sentenced to a term of probation for that offense, but eventually had his probation revoked because he was caught carrying a

loaded .45 semi-automatic handgun. *Id.* at p. 3 (Pg. ID 196). Even more, Defendant admitted that he was planning on assisting in the robbery of another individual. *Id.*

Considering Defendant's record showing an inability to comply with probation conditions, and the fact that Defendant has had multiple incidents involving a firearm, the Court finds that this second factor weighs in favor of detention.

### 3. History and Characteristics of Defendant

The third factor requires the Court to review the history and characteristics of the defendant, which are statutorily separated into two categories. The first category examines the defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). The second category asks "whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3)(B).

As to the first category, Defendant asserts that he lives in a stable home with his brother and sister-in-law. Dkt. No. 72, p. 4 (Pg. ID 138). However, as

discussed above, Defendant has an extensive criminal history. In addition, at age twenty-six, Defendant has a ninth-grade education and no evidence of current employment. *See* Dkt. No. 79-1, p. 21 (Pg. ID 232). Further, Defendant has a documented history of marijuana abuse. *Id.* at p. 25 (Pg. ID 236).

With respect to the second category, Defendant's criminal history reveals an individual who is not yet capable of following conditions of release. While Defendant was not on probation or parole at the time he is alleged to have committed the instant offense, the Court cannot ignore the numerous probation and parole violations Defendant has committed in the past. Based on the totality of the record, the Court finds that this third factor weighs in favor of detention.

**4. Nature and Seriousness of Danger Posed by Defendant's Release**

The fourth and final factor demands that the Court consider "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." 18 U.S.C. § 3142(g)(4). For all the reasons explained above, this factor weighs in favor of finding that Defendant poses a danger and should be detained.

The Government has demonstrated by clear and convincing evidence that there is no condition or set of conditions of release that can adequately protect the community from the danger posed by Defendant. Accordingly, the Court

concludes that all the factors set forth in § 3142(g) weigh heavily in favor of detention.

### IV. CONCLUSION

For the reasons stated on the record and herein, the Court will DENY Defendant's Motion for Revocation of Detention Order and for Pretrial Release [#72].

IT IS SO ORDERED.

Dated: November 19, 2018

                                                  s/Gershwin A. Drain
                                                  HON. GERSHWIN A. DRAIN
                                                  United States District Court Judge

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 19, 2018, by electronic and/or ordinary mail.

                                                  s/Teresa McGovern
                                                  Case Manager

e